**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50651/50652/50653**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 31, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JUSTIN AARON WILKINS | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of incarceration of ten years, for aggravated battery, an indeterminate fifteen-year sentence for aggravated strangulation; and a five-year determinate sentence for intimidating, impeding, influencing, or preventing the attendance of a witness, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

This case involves three consolidated cases. In Docket No. 50651 (CR01-22-29782), Justin Aaron Wilkins pled guilty to felony aggravated battery, I.C. §§ 18-903(a), 18-907(1)(a), and 19-2520F, and the district court imposed a unified sentence of fifteen years, with a minimum period of incarceration of ten years, to run consecutively to the sentence imposed in another case (CR01-18-20345). In Docket No. 50652 (CR01-22-33635), Wilkins pled guilty to felony attempted strangulation, I.C. § 18-923, and the district court imposed an indeterminate sentence of fifteen

1

years to run consecutively to the sentence imposed in Docket No. 50651 (CR01-22-29782). In Docket No. 50653 (CR01-22-36805), Wilkins pled guilty to intimidating, impeding, influencing, or preventing the attendance of a witness, I.C. §§ 18-2604, 19-2520F, and the district court imposed a determinate sentence of five years to run consecutively to the sentence imposed in a separate case (CR01-18-20345) but concurrently with the sentence imposed in Docket No. 50651 (CR01-22-29782). Wilkins filed an Idaho Criminal Rule 35 motion requesting the court reduce the determinate ten-year portion of his sentence; the district court denied the motion. Wilkins appeals arguing the district court imposed an excessive aggregate sentence in light of the mitigating factors, including those facts presented with his Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Wilkins' Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the records, including any new information submitted with Wilkins' Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Wilkins' judgments of conviction and sentences, and the district court's order denying Wilkins' Rule 35 motion, are affirmed.